1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER TAYLOR,

                    Plaintiff,

        v.

KAHNE CORPORATION; and PORTAC,
INC.,

                    Defendants.

Case No.  C05-0243RSL

ORDER GRANTING MOTION TO
AMEND COMPLAINT

## I.  INTRODUCTION

This matter comes before the Court on plaintiff's motion for leave to file amended complaint (Dkt. #20).  Plaintiff seeks to amend the complaint to conform to the evidence adduced in discovery.  Plaintiff does not seek to add or remove claims for relief but rather seeks to alter the factual basis for her original claims.  Defendants oppose the motion, arguing that the proposed amendment would be prejudicial.

ORDER GRANTING MOTION TO
AMEND COMPLAINT - 1

## II.  DISCUSSION

Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).
The Ninth Circuit has stated that the policy of allowing amendments "should be applied with
'extreme liberality.'"  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)
(citations omitted).  The Court should consider four factors in deciding whether to grant leave to
amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."
DCD Programs, 833 F.2d at 186.  Of those four factors, defendants note that the most important
factor to consider is whether prejudice would result to the non-movant.  (Dkt. # 21-1) citing
Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529 (N.D. Cal. 1989).  Whether a proposed
amendment is prejudicial requires an examination of the facts of each case.  Zenith Radio Corp.
v. Hazeltine Research, 401 U.S. 321, 330 (1971).

Defendants argue that they would be prejudiced if the amendment were allowed at this
stage because most of the discovery has already occurred and witnesses would have to be
redeposed to address plaintiff's amended complaint.  In Genentech, cited by defendants in
support of their argument, plaintiff sought to amend its complaint and defendant objected in
precisely the same manner as defendants here.

> In the instant case, defendant contends that several of plaintiff's proposed
> amendments would unduly prejudice the defendant. Defendant asserts that the
> addition of the amendments in issue would require it to depose numerous
> witnesses across the country who have been previously questioned and would
> necessitate additional document searches and written discovery. Defendant further
> argues that additional discovery will postpone the trial date.

Genentech, Inc., 127 F.R.D. at 531.  The court held "Such delays do not constitute undue
prejudice to the defendant."  Id.  It would be incongruous for this Court to apply the reasoning of
Genentech without arriving at the same result.

Defendants argue that the Ninth Circuit has ruled that "any amendment which requires
extensive and costly discovery, with the plaintiff presenting no valid reason for the failure to
include the original cause of action in the original Complaint, constitutes prejudice which
supports the denial of a motion to amend."  Defendants Opposition at 4 (Dkt. # 21).  In support

1    of this statement defendants cite <u>Jordan v. County of Los Angeles</u>, 669 F.2d 1311 (9th Cir.

2    1982), vacated on other grounds, 459 U.S. 810 (1982).  In <u>Jordan</u>, however, the defendants

3    would have been required to conduct expensive discovery in order to respond to the amended

4    complaint because the amendment raised "substantial issues of state law not closely connected"

5    with plaintiff's other federal claims.  <u>Jordan</u>, 669 F.2d at 1324.  Moreover, the <u>Jordan</u> court held

6    that a denial of a motion to amend is allowed where "the party seeking amendment knows or

7    should know of the facts upon which the proposed amendment was based but failed to include

8    them in the original complaint."  <u>Id.</u>

9         In the present case, the amendment does not raise any substantial issues not closely

10   connected with the original complaint.  In fact, the issues raised in the amended complaint have

11   been the subjects of discovery throughout the litigation and have been opined upon by

12   defendant's experts.  <u>See, e.g.</u>, Reply Ex. G & H.  It is clear that plaintiff did not know all the

13   specific facts upon which her amended complaint rests prior to discovery.  Furthermore, the

14   Court is not convinced that witnesses will need to be redeposed to address the new claims as the

15   deposition testimony appears to have covered much of that ground already.  The preliminary

16   dispositive motions from Taylor and Kahne (Dkt. ## 25, 27) present no significant disconnect as

17   to the salient issues regarding the Kahne's alleged negligence.  Moreover, even if witnesses do

18   need to be redeposed, that does not constitute undue prejudice according to the court's holding

19   in <u>Genentech</u>.

20        As a final matter, although plaintiff's motion is timely, defendants' request for an

21   extension of discovery deadlines is reasonable under the circumstances.  Defendants will have

22   an additional month to conduct further depositions if necessary.  The trial date, however, will

23   remain as originally set and plaintiff will not be required to bear the cost of redeposing witnesses

24   as requested by defendant.

### III.  CONCLUSION

26        For the foregoing reasons, the Court GRANTS plaintiff's motion for leave to amend her

28   ORDER GRANTING MOTION TO
     AMEND COMPLAINT - 3

1    complaint (Dkt. #20-1).  The following deadlines are modified:

2            Discovery completed by                                February 1, 2006

3            Further dispositive motions filed by                  February 28, 2006

4            Settlement conference per 39.1(c)(2) held no later than          March 16, 2006

5

6            DATED this 29th day of December, 2005.

7

8

9                                              _MNS Lasnik_

10                                             Robert S. Lasnik
                                               United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING MOTION TO
     AMEND COMPLAINT - 4