UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JENNIFER TAYLOR,                                     )     No. C05-0243L
                                                     )
                    Plaintiff,                       )
         v.                                          )
                                                     )     ORDER GRANTING DEFENDANTS'
KAHNE CORPORATION, *et al.*,                         )     MOTION TO COMPEL
                                                     )
                    Defendants.                      )
_____)

This matter comes before the Court on "Defendants' Motion to Compel Plaintiffs to Obtain Signature on Mental Health Releases." Dkt. # 54. As plaintiffs point out, defendants' motion to compel is untimely, discovery has now closed,[1] and defendants have not established good cause for their failure to abide by the case management schedule. Defendants did not make any attempt to obtain Jeremy Taylor's medical records until December 2005 and, when they finally contacted plaintiffs and the provider, discovered that the process was not as straight-forward as they had hoped.

Defendants did, however, attempt to obtain a valid release form from plaintiffs a week before discovery closed. It is not clear why plaintiffs refused: plaintiffs have no

---

[1] In fact, discovery closed on February 1, 2006, two weeks before defendants filed their motion to compel on February 14th. Given that plaintiffs refused to sign the release at issue on January 25th, it is not clear why defendants waited so long to bring this matter to the Court's attention.

ORDER GRANTING DEFENDANTS'
MOTION TO COMPEL

substantive objections to the discovery of the medical records (they had already signed a release through the guardian *ad litem*), nor have they identified any potential prejudice that might arise if Jeremy were compelled to sign the release at issue. Plaintiffs' only real objection is based on defendants' delay. Had a release been signed on or about January 24th, however, this issue would likely never have arisen because the records custodian had already expressed a willingness to expedite production of the medical records.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, having weighed the equities of this case, and having continued the trial of this matter to September 11, 2006, the Court exercises its discretion to extend the discovery cutoff for the limited purpose of obtaining Jeremy's medical records from Cathy Wellwood. It is hereby ORDERED that Jeremy Taylor shall, within thirty days of the date of this Order, sign a medical release authorizing defendants to obtain his counseling and mental health records from Cathy Wellwood. No other discovery is permitted or authorized by this Order.

DATED this 4th day of April, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge