UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JENNIFER TAYLOR,                                  )        No. C05-0243RSL
                                                                  )
                    Plaintiff,      )
     v.                                                     )
                                                                  )        ORDER FOR FURTHER BRIEFING
KAHNE CORPORATION, *et al.*,           )
                                                                  )
                    Defendants.  )
_____)

         This matter comes before the Court on "Defendant Kahne Corporation's Motion for Clarification and Reconsideration" (Dkt. # 67) and "Defendant Portac, Inc.'s Motion for Reconsideration and Clarification" (Dkt. # 68). Both defendants seek clarification regarding the scope of the trial in this matter as well as reconsideration of the Court's determinations that (1) defendants had a duty to comply, or to ensure that their subcontractors complied, with Washington Industrial Safety and Health Act ("WISHA") regulations and (2) there are no genuine issues of material fact regarding proximate cause.

         Having reviewed the motions and the remainder of the record, the Court finds as follows:

         (1) The trial of this matter shall determine the extent of defendants' liability to plaintiff, an issue that will necessarily involve consideration of the comparative fault of other parties as permitted by RCW 4.22.070(1). The Court did not intend to find, and has not found, that

defendants' failure to comply with the WISHA regulations was the sole proximate cause of John M. Clark's death. To the extent defendants seek clarification on that point, the motion is GRANTED.

(2) Defendants have not shown manifest error or new facts or law regarding the imposition of <u>Stute</u> liability on timber industry contractors. <u>See</u> Local Civil Rule 7(h)(1). To the extent defendants seek reconsideration of that decision, the motion is DENIED.

(3) In her motion for summary judgment, plaintiff specifically argued that defendants' failure to comply with WISHA was a cause of Mr. Clarke's death:

- "There can be no question that the failure by Portac and Kahne to comply with the duty imposed by WAC 296-54-507(3) was a cause of the death of John M. Clark." Motion at 14 (Dkt. # 25).
- "Other admitted violations of WISHA regulations also contributed to the death of John M. Clark at Legacy Overlook." Motion at 14 (Dkt. # 25).
- "The total lack of any safety, training or accident prevention program at the Legacy Overlook certainly contributed to the death of John M. Clark." Motion at 15 (Dkt. # 25).

Plaintiff did not, however, request a finding of causation in the introduction of the motion or in the proposed order. <u>See</u> Dkt. # 25. Defendants seek reconsideration of the Court's holding regarding causation because it went beyond the relief requested by plaintiff and because it amounts to an improper finding of negligence *per se*. Pursuant to Local Civil Rule 7(h)(3), plaintiff may, if she chooses, file a response to the motion for reconsideration no later than 4:30 p.m. on May 8, 2006. Defendants' replies, if any, shall be filed no later than 4:30 p.m. on May 11, 2006. The Clerk of Court is directed to re-note defendants' motions for reconsideration (Dkt. # 67 and 68) on the Court's calendar for May 12, 2006.

ORDER FOR FURTHER BRIEFING             -2-

1   DATED this 19th day of April, 2006.

*signature*

Robert S. Lasnik
United States District Judge

ORDER FOR FURTHER BRIEFING    -3-