UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
JENNIFER TAYLOR,                       )   No. C05-0243L
                                       )
                  Plaintiff,           )
       v.                              )
                                       )   ORDER CERTIFYING QUESTION
KAHNE CORPORATION, *et al.*,           )   TO THE SUPREME COURT OF
                                       )   WASHINGTON
                  Defendants.          )
_____)

On May 4, 2006, the parties in the above-captioned matter were ordered to show cause why the following question should not be certified to the Supreme Court of Washington: "Did Portac and/or Kahne owe a statutory or common law duty to comply, or ensure compliance with, WISHA regulations at the Legacy Overlook site?" Defendants, having received an adverse ruling from the undersigned on this very issue, are only too happy to have the question certified for consideration by the state Supreme Court. Plaintiff, however, argues that the law of the case doctrine precludes certification following the Court's summary judgment determination regarding the existence of a duty.

Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court

ORDER CERTIFYING QUESTION TO THE
SUPREME COURT OF WASHINGTON

may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." The certification process serves the important judicial interests of efficiency and comity: as noted by the United States Supreme Court, certification saves "time, energy and resources and helps build a cooperative judicial federalism." Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974). Plaintiff, however, argues that another rule designed to promote judicial efficiency, the law of the case doctrine, trumps the certification process in the circumstance presented here.

There is no indication in the statute, rules of civil procedure, or case law that a district court's ability to certify a question to the state Supreme Court is compromised by the issuance of a summary judgment ruling. The authorizing statute does not require certification at the beginning of the litigation or preclude certification after the Court has issued interlocutory rulings: as long as the proceeding is still pending in the district court, certification remains an option under RCW 2.60.020. The district court is expressly granted the power to reconsider or revise "any order or form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of judgment . . . ." Fed. R. Civ. P. 54(b). Contrary to plaintiff's argument, the district court's power to reconsider or revise prior orders is limited by the law of the case doctrine only where the court has been divested of jurisdiction over the matter or has unduly delayed reconsideration.

> The law of the case doctrine is not an inexorable command, nor is it a limit to a court's power. Rather, application of the doctrine is discretionary. . . . The law of the case doctrine is wholly inapposite to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction. . . . *All rulings of a trial court are subject to revision at any time before the entry of judgment* . . . . The doctrine simply does not impinge upon a district court's power to reconsider its own interlocutory order provided that the district court has not been divested of jurisdiction over the order.

United States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004) (internal citations and quotation marks

ORDER CERTIFYING QUESTION TO THE
SUPREME COURT OF WASHINGTON          -2-

omitted, emphasis in cited case).  The Smith court distinguished the case upon which plaintiff relies, United States v. Alexander, 106 F.3d 874 (9th Cir. 1997), on the ground that reconsideration in that case was untimely granted only after the jury was unable to reach a verdict and the court had declared a mistrial.

In this case, there has been very little delay between the Court's initial decision and this order.  Since issuing the summary judgment order on March 14, 2006, the Court has considered two motions for reconsideration and "Defendants' Motion to Amend Order on Summary Judgment for Certification for Interlocutory Appeal."  As the parties apparently recognize, these motions were timely filed pursuant to the governing rules of civil procedure and the Court retains jurisdiction to consider the procedural issues raised therein.  Plaintiff does not explain why the Court's power to reconsider and revise the summary judgment order would suddenly cease at this point.  It is clear that the district court would have the power to amend its summary judgment order and certify this matter for interlocutory appeal, as requested by defendants, at which point the Ninth Circuit Court of Appeals could choose to certify the state law issues to the Washington Supreme Court.  See, e.g., Alaska Airlines, Inc. v. United Airlines, Inc., 902 F.2d 1400 (9th Cir. 1990); Morrell Const., Inc. v. Home Ins. Co., 899 F.2d 875 (9th Cir. 1990).  Plaintiff's stated concerns regarding efficiency and the finality of judgment should not preclude the district court from choosing the same course of action.

Because this matter involves issues of first impression regarding the duties owed by upper-tier timber industry contractors to timber cutters such as John M. Clark, this matter should be presented for expedited review to the Washington State Supreme Court.  Defendants' "Motion to Amend Order on Summary Judgment for Certification for Interlocutory Appeal" (Dkt. # 70) is DENIED and the following question is hereby certified to the Supreme Court of Washington:

ORDER CERTIFYING QUESTION TO THE
SUPREME COURT OF WASHINGTON           -3-

Did Portac and/or Kahne owe a statutory or common law duty to comply, or ensure compliance with, WISHA regulations at the Legacy Overlook site?

The Clerk of Court is directed to submit to the Supreme Court of Washington certified copies of this Order, a copy of the docket in the above-captioned matter, and Dkt. # 1, 8, 9, 11, 16, 20, 25-32, 35-44, 46-48, 64, 67, 68, 70, 72, 74, 76-80, and 82-84.  The record so compiled contains all matters in the pending cause deemed material for consideration of the local law question certified for answer.

This matter is hereby STAYED until the Supreme Court of Washington answers the certified question.

The defendant in this action is designated as the appellant before the Supreme Court of Washington.  The Clerk of Court shall notify the parties as soon as possible, but no more than three days, after the above-described record is filed in the Supreme Court of Washington.  The parties are referred to state RAP 16.16 for additional information regarding procedure before the Supreme Court.

DATED this 5th day of June, 2006.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER CERTIFYING QUESTION TO THE
SUPREME COURT OF WASHINGTON        -4-